IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEAN OWENS II, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-4099 |
| | : | |
| IQ DATA INTERNATIONAL, INC., et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                                                   **September 13, 2022**

Plaintiffs Dean Owens II, Rashad Atkinson, and Thomas Deshazior bring this Fair Credit Reporting Act (FCRA) action against Defendants IQ Data International and Trans Union.[1] Trans Union now moves for summary judgment on all claims against it, relying on admissions Plaintiffs are deemed to have made by failing to respond to Trans Union's Requests for Admission under Federal Rule of Civil Procedure 36. Plaintiffs request these admissions be withdrawn. Because allowing withdrawal will promote adjudication on the merits and will not unduly prejudice the opposing party, the Court will grant the Plaintiffs' request. As a result, Trans Union's Motion for Summary Judgment will be denied.

**BACKGROUND**[2]

From 2015 to 2017, Plaintiffs lived in a townhouse leased from Venice Lofts. More than three months after moving out, Atkinson received via email a "move-out" billing statement charging Plaintiffs rent and fees totaling $7,335.47. Plaintiffs dispute that they owe any debt to Venice Lofts, because Lofts failed to comply with various City regulations for rental properties

---

[1] A third Defendant, Equifax Information Services, LLC, was dismissed from the suit in June 2021 by agreement of the parties.

[2] The following facts are undisputed unless expressly stated otherwise.

1

and attempted to collect this amount after the period prescribed under the Pennsylvania Landlord Tenant Act, 68 P.S. § 250.512.

In June of 2019, while securing financing for a home purchase, Owens learned that Defendant Trans Union had included the debt to Venice Lofts – being collected by Defendant IQ Data International – on each of the Plaintiffs' credit files. Plaintiffs filed a joint Complaint on August 19, 2020, alleging that Trans Union's actions regarding the debt violated the FCRA.

After the Parties' Rule 26(f) scheduling conference, Trans Union served Plaintiffs with discovery requests. To all three Plaintiffs, Trans Union sent Requests for Admission under Rule 36, focused on Trans Union's role in reporting Plaintiffs' credit information. Def.'s Statement of Material Facts ¶ 45, ECF No. 26-2. Although the parties agreed to a two-week extension, until June 10, 2021, for Plaintiffs to respond, Plaintiffs failed to do so, and further failed to respond by the close of discovery on August 11, 2021.[3] Trans Union moves for summary judgment alleging that under Rule 36(a)(3), the Requests for Admission are automatically deemed admitted, and thus there are no material facts in dispute and it is entitled to judgment as a matter of law.

**DISCUSSION**

Trans Union's Motion for Summary Judgment relies entirely on facts deemed admitted by Plaintiffs' failure to respond to the Requests for Admission. In response, Plaintiffs argue they should be entitled to withdraw their admissions under Rule 36(b). Before reaching the merits of the Motion for Summary Judgment, the Court must first determine whether Plaintiffs' Motion to Withdraw[4] has merit.

---

[3] Owens did respond to Trans Union's requests for admissions on September 9, 2021. The remaining two Plaintiffs have not responded.

[4] In Plaintiffs' Response to Trans Union's Motion for Summary Judgment, they requested the "withdrawal of the deemed admissions." Pls.' Mem. Opp'n 6, ECF No. 28-1. The Third Circuit

The purpose of Rule 36 is to reduce the areas of dispute at trial by eliminating the need to prove matters "which the adversary cannot fairly contest." *McSparran v. Hanigan*, 225 F. Supp. 628, 637 (E.D. Pa. 1963). Rule 36(a) provides that requests for admission can seek answers pertaining to "facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Without a stipulated or court-ordered change in time limit, "a matter is admitted" if the receiving party does not respond "within 30 days of being served." Fed. R. Civ. P. 36(a)(3). "Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' . . . and may support a summary judgment motion." *Sec'y U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017). However, upon a party's motion, a court may permit withdrawal or amendment of an admission if it would "promote the presentation of the merits of the action" and would not "prejudice the requesting party in maintaining or defending the actions on the merits." Fed. R. Civ. P. 36(b). As the Court finds that both of these requirements are met in this case, it will grant Plaintiffs' request to withdraw the admissions.

As to the first requirement, the Third Circuit has a clear preference for adjudication on the merits. *See, e.g.*, *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984) ("As we have repeatedly stated, doubts should be resolved in favor of reaching a decision on the merits."). Refusing withdrawal goes against the very purpose of Rule 36, which is "to expedite trial by

---

has cautioned, "it would accord with best practices for a district court, upon receipt of a request for the court to withdraw admissions on its own motion, . . . [to] at least give the parties notice of its intent to treat the request as a Rule 36(b) motion and to invite a response from the affected party." *Percella v. City of Bayonne*, No. 21-1504, 2022 WL 2207832, at *2 n.3 (3d Cir. June 21, 2022). In accordance with this guidance, in an August 24 Order this Court advised the parties of its intent to treat Plaintiffs' Motion in Opposition to Defendant Trans Union's Motion for Summary Judgment as a motion under Rule 36(b). The Order requested that Trans Union submit a response; it did so on August 31.

eliminating the necessity of proving undisputed and peripheral issues . . . . [Courts] should not employ the rule to establish facts which are obviously in dispute or to answer questions of law." *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989). Where "the record demonstrates that the admitted facts are contrary to the actual facts . . . That contention is sufficient [to meet the] burden on this prong." *Kyko Global, Inc. v. Prithvi Info. Sols. Ltd.*, No. 18-1290, 2020 WL 1159439, at *16 (W.D. Pa. Mar. 10, 2020).

Here, Plaintiffs' Complaint and Trans Union's Requests for Admission show that the facts are still very much in dispute. The entire thrust of Plaintiffs' claim constitutes contemporaneous evidence, at the time of Trans Union's Motion, of a genuine issue of material fact. *See Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1036 (3d Cir. 1988) (noting contemporaneous and compelling evidence contradicting admissions may be cause for withdrawal). Indeed, because "the bulk of the admissions sought were directly contrary to the facts that formed the basis of Plaintiffs' complaint," Trans Union "should have anticipated" Plaintiffs' denials. *Skocyzlas v. Atlantic Credit & Finance*, No. 00-5412, 2002 WL 55298, at *4 (E.D. Pa. Jan. 15, 2002). Allowing Plaintiffs to withdraw the deemed admissions would ensure they have the opportunity to argue their FRCA claim on the merits.

The second prong of the test for withdrawal of admissions under Rule 36(b) is the extent of the prejudice to the opposing party. Trans Union argues it would be severely prejudiced if Plaintiffs' deemed admissions were withdrawn, as it relied on the admissions in forgoing further discovery. Def.'s Mem. Opp'n 8, ECF No. 32. While discovery in this case has closed, it can easily be reopened. *See Gwynn v. City of Phila.*, 719 F.3d 295, 299 (3d Cir. 2013). One year is not so unreasonable a length of time as to render recollection damaged or other evidence inaccessible.

Trans Union contends it will be prejudiced because "summary judgment has been fully briefed" and it will have to "begin its investigations of Plaintiffs' claims anew." Def.'s Mem. Opp'n 9-10. "The prejudice contemplated by Rule 36(b)," however, "is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Gwynn*, 719 F.3d at 299. A number of circuits have categorically held that preparing a summary judgment motion while relying on admissions is insufficient to prove prejudice under Rule 36(b). *See, e.g.*, *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000); *FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994). Trans Union has not demonstrated enough prejudice at this stage to warrant dismissing Plaintiffs' claims based on procedural errors. The Court will grant Plaintiffs' motion under Rule 36(b).

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each of Trans Union's summary judgment arguments relies on Plaintiff's deemed admissions, which will be withdrawn. *See* Def.'s Mem. Supp. Sum. J., ECF No. 26-1. Absent these admissions, there exist outstanding and contested issues of material fact, and Trans Union's Motion for Summary Judgment will therefore be denied. Discovery will be reopened with a deadline of November 14, 2022.

An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.